IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS ZURLO and<br>JUDITH WHITELEY<br>            Plaintiffs, | : | |
| v. | : | CIVIL ACTION<br>NO. 14-6382 |
| CASSANDRA CROWLEY and<br>PAMELA BAUMAN<br>            Defendants. | : | |

**MEMORANDUM**

**Jones, II   J.**                                                                                               **May 6, 2015**

### I.   INTRODUCTION

The above-captioned matter arises from an automobile accident that occurred in Upper Merion, Pennsylvania on February 20, 2013. Plaintiffs first filed suit in the Philadelphia County Court of Common Pleas. *Zurlo v. Crowley*, CCP Philadelphia County, November Term, 2014, No. 000163. Defendants removed to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), thereby prompting Plaintiffs to file the instant Motion for Remand pursuant to 28 U.S.C. § 1447(c).  Because this Court finds that Defendant Crowley is a citizen of Pennsylvania, complete diversity does not exist. Accordingly, Plaintiffs' Motion for Remand shall be granted.

### II.   STANDARD OF REVIEW

Jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity and courts examine the citizenship of the parties "as of the time the complaint was filed." *Grand Union Supermarkets of the V.I. v. H.E. Lockhart Mgmt.*, 316 F.3d 408, 410 (3d Cir. 2003).  Here, the Complaint was filed November 3, 2014, therefore the parties' citizenship on that date controls this analysis. (Pls.' Mot. Remand, Ex. A.)

1

In cases involving removal pursuant to 28 U.S.C. § 1441(b) wherein "federal-court jurisdiction is predicated on the parties' diversity of citizenship, removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought.'" *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 83-84 (U.S. 2005). In the context of diversity jurisdiction, citizenship equates to a party's domicile, which requires both "an objective physical presence in the state" and "a subjective intention to remain there indefinitely." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). To determine whether a party is domiciled in a particular state, courts consider factors such as "establishment of a home, place of employment, location of assets, registration of a car, and generally, the center of one's business, domestic, social and civic life." *Frett-Smith v. Vanterpool*, 511 F.3d 396, 401 (3d Cir. 2008). Moreover, district courts must consider two additional issues: 1) the proponent's burden of proving the existence of federal jurisdiction, and 2) the presumption in favor of a party's "old" or established domicile. *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286–67 (3d Cir. 2006). To that end,

> When the party claiming a new domicile is the opponent of federal jurisdiction, the effect of the presumption in favor of an established domicile is straightforward. The party claiming a new domicile bears the initial burden of producing sufficient evidence to rebut the presumption in favor of the established domicile. If the party does so, the presumption disappears, the case goes forward, and the party asserting jurisdiction bears the burden of proving diversity of citizenship.

*Id.* at 288.[1] The appropriate standard of proof is preponderance of the evidence. *Id.* at 287–89 (rejecting the clear and convincing evidence standard, even if one party bears both burdens).[2]

---

[1] Defendants correctly question Plaintiffs' citation to case law from the Western District of New York. (Defs.' Mem. 5.) However, Defendants also criticize Plaintiffs' citation to two Third Circuit cases, each directly stating the law of diversity citizenship and domicile. (Defs.' Mem. 6.) To be clear, as a court sitting in the Third Circuit, *McCann v. George W. Newman Irrevocable*

**III.   DISCUSSION**

Plaintiffs are undisputedly citizens of Pennsylvania. Defendant Pamela Bauman is undisputedly a citizen of North Carolina. Therefore, the only question for this Court is whether Defendant Cassandra Crowley remains a citizen of North Carolina — where she resided prior to college — or whether she has become a citizen of Pennsylvania through her residence, employment, and other contacts in Pennsylvania. (Pls.' Mot. Remand ¶ 4; Defs.' Ans. ¶ 1, Doc. 7.)

**A.  Burden of Production**

Plaintiffs bear the burden of producing sufficient evidence to rebut the presumption of Defendant Crowley's North Carolina citizenship. *McCann*, 458 F.3d at 286–87. Relying in large part on Ms. Crowley's deposition testimony, Plaintiffs have met their burden.  Specifically, Defendant Crowley has lived and attended school in Pennsylvania since April 2010. (Crowley Dep. 11, Dec. 2, 2014, ECF No. 6, Ex. B.) (hereinafter "Crowley Dep."). Defendant Crowley has been employed in Pennsylvania since 2011. (Crowley Dep. 4–6.) Currently, Defendant Crowley is employed as a behavior technician in King of Prussia, Pennsylvania and is enrolled in the Criminal Justice Master's degree program at St. Joseph's University in Philadelphia, where she attends seven (7) hours of classes per week during the evening. (Crowley Dep. 5–7, 13.)[3] Defendant Crowley has filed federal tax returns using Pennsylvania addresses, has filed at least

---

*Trust*, 458 F.3d 281 (3d Cir. 2006) and *Frett-Smith v. Vanterpool*, 511 F.3d 396 (3d Cir. 2008) are binding precedent for purposes of the instant Motion.

[2] Defendants claim that clear and convincing evidence of a new domicile is required. (Defs.' Mem. 7) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). The Third Circuit has specifically rejected this notion. *McCann* , 458 F.3d at 286–9 (joining the First Circuit in rejecting the Second Circuit's use of the clear and convincing standard).

[3]  Although Defendants seem to imply Ms. Crowley maintains employment in Pennsylvania purely for purposes of obtaining graduate school credits (Defs.' Mem. 3), the record demonstrates that she began working at her current place of employment eleven months before she began her graduate studies at St. Joseph's University.  (Crowley Dep. 4-5.)

one state return as a Pennsylvania "resident," and receives her Bank of America account statements at her Pennsylvania address. (Crowley Dep. 15, 23–26.) She has also acquired gym memberships in Pennsylvania,[4] as well as a Pennsylvania cell phone number. (Crowley Dep. 28-29, 74-75.) Defendant Crowley has been in a relationship with her current boyfriend since March 2013 and has shared a lease with him at a Pennsylvania address since August 2014. (Crowley Dep. 8–9.) Defendant Crowley *has not been* employed in North Carolina for the last four years, and she *did not* file a North Carolina tax return for 2012 or 2013. (Crowley Dep. 21, 25-26.)[5] In view of these facts, this Court finds that Plaintiffs have met their burden of production regarding Defendant Crowley's Pennsylvania citizenship.

### B. Burden of Proof

When assessing the propriety of removal, "all doubts [should be] resolved in favor of remand." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Packard v. Provident National Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In light of this Court's finding that Plaintiffs have met their burden of production regarding Defendant Crowley's citizenship, Defendants bear the full burden of proving diversity jurisdiction. *McCann*, 458 F.3d at 288. They have not done so. In response to Plaintiffs'

---

[4] Defendant Crowley obtained monthly memberships at fitness clubs located in Pennsylvania versus making "per use" payments for visits to a fitness facility in North Carolina. (Crowley Dep. 28-31.)

[5] Plaintiffs' brief states that Crowley has not worked in North Carolina in the past two years. However, as discussed above, the record indicates she has worked in Pennsylvania since 2011. (Pls.' Mot. Remand 6; Crowley Dep. 4-6.)

statement of the facts, Defendant Crowley asserts that her Pennsylvania address is merely a "local address," that she is a "permanent resident" of North Carolina, and that she would like to return there with her boyfriend (who is from southern New Jersey and maintains employment as an electrical engineer in Pennsylvania) after obtaining her Master's Degree. (Crowley Dep. 20-21, 23, 32.) As additional support, Defendant Crowley is registered to vote in North Carolina, her license and vehicle are registered there, she has voted by North Carolina absentee ballot, and an undergraduate Pell Grant is addressed to her in North Carolina. (Crowley Dep. 23, 66–73.) However, upon close review, the evidence put forth by Defendants to establish diversity conflicts with other portions of Defendant Crowley's own deposition testimony. First, regardless of her absentee registration, Defendant Crowley last voted in 2012. (Crowley Dep. 76.) This is not particularly strong evidence of a domicile in either state. Second, the Jeep relevant to this matter belonged to Defendant Baumann (Crowley's mother) during the accident, and Defendant Crowley could not recall the last time she accessed the P.O. Box address provided for North Carolina registration. (Crowley Dep. 35, 78.) These facts limit the probative value of the North Carolina license and registration with regard to her intent to remain domiciled there. *See e.g.*, *Reynolds v. Ranta*, 362 F. Supp. 333, 335 (W.D. Pa. 1973) ("It is not uncommon for one's parents to live in a different state than their grown child . . . . [and the] convenience of registering [the car in the former domicile of Ohio] was the deciding factor even though it may have been improper under Pennsylvania law.") Similarly, the Pell Grant mailings — undergraduate financing addressed to a parent's home — is not compelling evidence of Crowley's continued domicile in North Carolina. (Crowley Dep. 68.)

     As to Defendant Crowley's stated intent to return to North Carolina, it is certainly true that a party's declarations command some weight in a court's analysis of domicile. *See Krasnov*

*v. Dinan*, 465 F.2d 1298, 1303 (3d Cir. 1972) (statements of intent to stay in Pennsylvania were "one of several important indicia properly considered by the court"). However, it is equally true that even if a student is "required to live in a particular jurisdiction" to pursue their education, they may still "establish domicile within that jurisdiction." *Blue v. National Fuel Gas Distribution Corp.*, 437 F. Supp. 715, 718 (W.D. Pa. 1977) (citing *Johnston v. Cordell National Bank*, 421 F.2d 1310 (10th Cir. 1970); *Gordon v. Steele*, 376 F. Supp. 575 (W.D. Pa. 1974); *Wehrle v. Brooks*, 269 F. Supp. 785 (W.D.N.C. 1966)). The record before this Court clearly indicates that when Defendant Crowley completed her studies at Chestnut Hill College in May 2013, she elected to remain in Pennsylvania instead of returning of North Carolina. Defendant Crowley did not begin her graduate studies as a part-time student at St. Joseph's University until approximately eight months later. (Crowley Dep. 7-8.)

In view of the foregoing, as well as all other evidence elicited during Defendant Crowley's deposition and the exhibits attached to the parties' filings, this Court finds that the support Defendant Crowley offers for her stated intent to return to North Carolina is outweighed — under the preponderance of the evidence standard — by evidence that shows she has "establish[ed] a home," is employed, banks from, and generally centers her "business, domestic, social and civic life" in Pennsylvania. *Frett-Smith*, 511 F.3d at 401.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand shall be granted.

An appropriate Order follows.

                                                  BY THE COURT:

                                                  /s/ C. Darnell Jones, II

                                                  C. Darnell Jones, II     J.